UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

DEREK D. FINGERS,

               Petitioner,

               v.                      CAUSE NO.: 3:19-CV-134-PPS-MGG

WARDEN,

               Respondent.

OPINION AND ORDER

Derek D. Fingers, a prisoner without a lawyer, filed a habeas corpus petition challenging the prison disciplinary hearing (MCF 18-11-400) where a Disciplinary Hearing Officer (DHO) found him guilty of Body Fluid and Fecal Waste in violation of Indiana Department of Correction offense A-123 resulting in the loss of 30 days earned credit time. ECF 1. He also filed a Memorandum of Law in support. ECF 11. The Respondent filed a return. ECF 16. Fingers did not file a traverse even though he was granted additional time to do so and cautioned if he did not respond by the deadline, the court could proceed to rule on his habeas corpus petition without additional briefing. ECF 18. The deadline has long since passed and this case is now ripe. Fingers presents three[1] grounds for habeas corpus relief in his petition.

---

[1] The Respondent states Fingers raised a fourth ground in his Memorandum of Law. *See* ECF 16 at 5. However, Section 2254 Habeas Rule 2(c)(1) requires the habeas corpus petition must specify all the grounds available for relief to the petitioner. Fingers was told he had to include all of his grounds in a single petition and granted leave to amend. ECF 14. He was cautioned if he did not do so, he would proceed only on the grounds in his original petition. *Id*. Because he did not file an amended petition, this case is proceeding only on the three grounds listed in his original petition.

In Ground One, Fingers argues he was denied the opportunity to present his mental health records demonstrating he was seriously mentally ill. ECF 1 at 3. Inmates have a right to present relevant, exculpatory evidence in their defense. *Miller v. Duckworth*, 963 F.2d 1002, 1005 (7th Cir. 1992). "However, prison disciplinary officials need not permit the presentation of irrelevant or repetitive evidence in order to afford prisoners due process in disciplinary proceedings." *Scruggs v. Jordan*, 485 F.3d 934, 939–40 (7th Cir. 2007). Here, the DHO received a report about Fingers from a mental health professional. ECF 16-7 and 16-8. Fingers objects that he was unable to present all of his mental health records. However, "[p]rison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). "The requirements of due process are considerably relaxed in the setting of prison discipline . . .." *Eads v. Hanks*, 280 F.3d 728, 729 (7th Cir. 2002). "Prison officials must have the necessary discretion to keep the hearing within reasonable limits." *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). Thus it was not a due process violation for the DHO to have considered a report from a mental health professional rather than Finger's entire mental health file.

In Grounds Two and Three, Fingers makes related arguments about his mental illness. In Ground Two he argues there was insufficient evidence to have found him guilty because he was mentally ill. ECF 1 at 3. In Ground Three, he argues his mental illness made him unable to cope with being held in a restrictive housing unit on lockdown. ECF 1 at 4.

In the disciplinary context, "the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Superintendent v. Hill*, 472 U.S. 445, 455-56 (1985).

> [T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. Although some evidence is not much, it still must point to the accused's guilt.

*Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000) (quotation marks, citations, parenthesis, and ellipsis omitted). Here, a guard found Fingers in his cell by himself with feces smeared on the window. ECF 16-1. Fingers does not deny that he smeared feces on the window of his cell. Rather, he argues he should not be punished because he was mentally ill. However, a mental health professional stated his mental health issues were not causing his misbehavior. "It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision." *Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000). Based on the evidence presented to the DHO, it was not arbitrary to have found Fingers guilty.

If Fingers wants to appeal this order, he does not need a certificate of appealability because he is challenging a prison disciplinary proceeding. *See Evans v. Circuit Court*, 569 F.3d 665, 666 (7th Cir. 2009). However, he may not proceed in forma pauperis on appeal because pursuant to 28 U.S.C. § 1915(a)(3) an appeal in this case could not be taken in good faith.

For these reasons, the court:

(1) DENIES the habeas corpus petition (ECF 1);

(2) DENIES Derek D. Fingers leave to appeal in forma pauperis; and

(3) DIRECTS the clerk to close this case.

SO ORDERED on August 11, 2020

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT